IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY BROWN,<br><br>    Petitioner,<br><br> v.<br><br>WARDEN RANDY GROUNDS,<br><br>    Respondent. | No. C 13-4424 LHK (PR)<br><br>ORDER GRANTING MOTION TO RE-OPEN CASE; ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE REMEDIES<br><br>(Docket No. 5) |

Petitioner, a California prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 5, 2013, the court dismissed this action for failure to pay the filing fee or file a completed application for leave to proceed in forma pauperis. On November 26, 2013, the court received the $5.00 filing fee, along with the receipt indicating that petitioner had timely paid the filing fee on October 29, 2013. Thus, petitioner's motion to re-open this action is GRANTED. The court issues an order to show cause to petitioner to demonstrate why the petition should not be dismissed without prejudice for failure to exhaust his state court remedies.

## BACKGROUND

In the underlying federal petition, petitioner challenges the criminal judgment against him. Petitioner concedes that he has not raised any claims of his federal claims in the California Supreme Court.

Order Granting Motion to Re-Open Case; Order to Show Cause Why Petition Should Not Be Dismissed for Failure to Exhaust State Remedies
P:\PRO-SE\LHK\HC.13\Brown424reooscexh.wpd

## DISCUSSION

Prisoners in state custody who wish to collaterally challenge either the fact or length of their confinement in federal habeas corpus proceedings are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b)-(c).

At the time petitioner filed the federal petition, it appeared that petitioner was challenging his conviction based on "newly discovered evidence" and actual innocence. Petitioner stated that he had filed a state habeas petition in the Superior Court, and indicated that he had not exhausted his underlying claims in the California Supreme Court. Thus, this court orders petitioner to show cause to demonstrate why the petition should not be dismissed without prejudice to refiling once he exhausts his underlying federal claims in state court.

Petitioner shall file a response **within thirty (30) days** of the filing date of this order addressing whether he has a habeas petition or other post-conviction proceeding now pending before the state court, and if so, whether the underlying federal petition challenges the same commitment at issue in his pending state case(s). If petitioner believes that he has presented his underlying claims to the California Supreme Court, petitioner shall support this assertion with a copy of the California Supreme Court's order. **Failure to file a timely response in conformity with this order will result in the court dismissing the instant petition without prejudice for failure to exhaust state court remedies.**

Petitioner is reminded that he must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." Petitioner must also comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute. *See* Fed. R. Civ. Pro. 41(b).

IT IS SO ORDERED.

DATED: 3/21/14

LUCY H. KOH
United States District Judge